IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA RIDGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-684-D |
| CORPORAL KORBIN TAYLOR WILLIAMS, in his individual capacity, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendant's Special Entry of Appearance and Motion to Dismiss of Corporal Korbin Taylor Williams and Brief in Support [Doc. No. 12]. Plaintiff filed her response [Doc. No. 16], to which Defendant replied [Doc. No. 17].

### Plaintiff's Allegations

On the morning of October 3, 2023, Plaintiff sustained severe and permanent injuries as the result of a car wreck [Doc. No. 1, ¶¶ 8, 12]. That morning, Defendant Williams was conducting a dispatch check for warrants on a car in which Plaintiff was a passenger. *Id.* ¶ 8. After conducting the check, he turned on the emergency lights on his patrol car and attempted to make a traffic stop. *Id.* ¶ 9. But instead of pulling over, the driver accelerated through an intersection and fled. *Id.* Defendant Williams initiated a pursuit which reached speeds of over 120 miles per hour. *Id.* ¶¶ 9, 10. The chase ended when the fleeing car collided with another car at an intersection. *Id.* ¶ 10.

## Procedural Background

On June 20, 2025, Plaintiff sued Corporal Korbin Taylor Williams and the City of Shawnee, asserting constitutional and common law violations [Doc. No. 1]. Plaintiff issued an electronic summons to each Defendant [Doc. No. 2]. Proof of service as to the City of Shawnee was filed on August 20, 2025 [Doc. No. 3]. On September 9, 2025, Jeffrey Hendrickson and William Nester each filed an entry of appearance on behalf of both Defendants [Doc. Nos. 4, 5]. The next day, September 10, 2025, both attorneys filed an amended entry of appearance to reflect their appearance on behalf of only the City of Shawnee, not Defendant Williams [Doc. Nos. 8, 9]. Defendant Williams filed this motion to dismiss on October 10, 2025 [Doc. No. 12].

## Legal Standard

"A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. A plaintiff must serve a defendant within 90 days after the complaint is filed. FED. R. CIV. P. 4(m). If the plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service must be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## Discussion

Defendant Williams asserts that he was not served within the 90-day service window under FED. R. CIV. P. 4(m). Further, Williams argues the statute of limitations has since expired on Plaintiff's claims, so the suit should be dismissed with prejudice. Plaintiff argues that the stricken entries of appearance [Doc. Nos. 4, 5] established service on Defendant.

2

Further, Plaintiff argues that even if service was not established by the initial entry of appearance, she has established good cause under FED. R. CIV. P. 4(m) for the Court to grant an extension for her to serve Defendant.

Although Oklahoma law recognizes that "[a]n acknowledgement on the back of the summons or the voluntary appearance of a defendant is equivalent to service," OKLA. STAT. tit. 12, § 2004(C)(5), the Court disagrees with Plaintiff that the one-day entry of appearance on behalf of Defendant Williams is sufficient to establish service. Both attorneys filed amended entries of appearance the following day fixing the error, and the amended entries of appearance govern. The Court finds that service was not effected on Defendant Williams within the 90-day period.

Although Defendant was not properly served within the 90-day period, the Court finds that good cause exists for extension of the service deadline. Plaintiff made several attempts to serve Defendant—including mailing service to Defendant, leaving a note on Defendant's door, and requesting a waiver of service under Fed. R. Civ. P. 4(d) [Doc. No. 16, at 4].

Further, "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995) (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).[1] Here, it is undisputed that the accident took place on October 3, 2023. "The statute of limitations period for a § 1983

---

[1] As Defendant acknowledges, federal and Oklahoma law do not require service to be effected within the statute of limitations period. The Court finds that good cause exists for extension of the service deadline, so dismissal due to a lapse in the statute of limitations at this point would be improper.

claim is dictated by the personal injury statute of limitations in the state in which the claim arose," which in Oklahoma is two years. *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); OKLA. STAT. tit. 12, § 95(A)(3)). Because the statute of limitations expired in October 2025, dismissal of the claims against Defendant Williams now would prohibit Plaintiff from refiling these claims against him. The Court finds that good cause has been shown to extend the service deadline.

**IT IS THEREFORE ORDERED** that the Special Entry of Appearance and Motion to Dismiss of Corporal Korbin Taylor Williams and Brief in Support [Doc. No. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline to effect service of process on Defendant Corporal Korbin Taylor Williams is extended 60 days from the entry of this Order. Failure to serve Defendant Corporal Korbin Tayor Williams within this timeframe may result in dismissal of the action against him.

**IT IS SO ORDERED** this 23rd day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge